UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN OLIVER,

        Plaintiff,

v.

ERIC BUCKBERRY,

        Defendant.

_____/

Case No. 14-11367

Honorable John Corbett O'Meara

## OPINION AND ORDER DENYING
## MARCH 11, 2015 CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter came before the court on defendant Eric Buckberry's and plaintiff DeJuan Oliver's

March 11, 2015 cross motions for summary judgment. Responses were filed April 1, 2015; and

Defendant filed a reply brief April 14, 2015. Oral argument was heard December 3, 2015. For the

reasons that follow, the court will deny the motions.

## BACKGROUND FACTS

On September 16, 2013, at approximately 2:00 a.m., plaintiff DeJuan Oliver was driving

northbound on Farmington Road approaching the City of Farmington when he was stopped by

defendant Eric Buckberry, a Farmington Hills police officer. The officer made the stop after he

witnessed Oliver driving slowly and swerving across lane markers. The stop was recorded by the

police car's video and audio recording system. Defendant approached Plaintiff's driver's side door

and asked Oliver whether he had been drinking. After a brief discussion during which Plaintiff

refused to cooperate, the officer placed him under arrest, sprayed him with pepper spray, and

forcibly removed him from the car. Plaintiff Oliver filed this one-count, excessive force claim

pursuant to 42 U.S.C. § 1983.

## **LAW AND ANALYSIS**

The Fourth Amendment to the United States Constitution protects a person from being subjected to excessive force during the course of an arrest.  Drogosch v. Metcalf, 557 F.3d 372, 378 (6th Cir. 2009).  The court applies an objective test, looking to the reasonableness of the force in light of the totality of the circumstances confronting the police officer(s).  Burges v. Fischer, 735 F.3d 462, 472 (6th Cir. 2013); Graham v. Connor, 490 U.S. 386, 396-97 (1998).  The following three factors direct the court's analysis: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight."  Martin v. City of Broadview Heights, 712 F.3d 951 (6th Cir. 2013).

In this case plaintiff Oliver claims he was gratuitously punched by defendant Buckberry after Oliver was handcuffed and no longer resisting arrest.  Buckberry asserts that he struck Oliver with an open hand to the triceps in order to continue frisking him for weapons.  There exist genuine issues of material fact regarding a determination of the reasonableness of the officer's actions, precluding summary judgment to either party.  The dispute of material facts bars not only resolution of Plaintiff's excessive force claim but also Defendant's claim for qualified immunity.  See Burgess 735 F.3d at 475.

<u>**ORDER**</u>

It is hereby **ORDERED** that defendant Eric Buckberry's and plaintiff DeJuan Oliver's March 11, 2015 motions for summary judgment are **DENIED.**


<u>s/John Corbett O'Meara</u>
United States District Judge


Date:  December 9, 2015



I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 9, 2015, using the ECF system.


<u>s/William Barkholz</u>
Case Manager

3